UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LIBERTY INTERNATIONAL UNDERWRITERS,<br><br>          Plaintiff,<br><br>      v.<br><br>ERNEST D. CARLSON,<br><br>          Defendant. | CASE NO. C04-348JLR<br><br>ORDER |

## I.   INTRODUCTION

This matter comes before the court on Defendant Ernest Carlson's motion for attorneys' fees and costs (Dkt. # 77). The court has reviewed the parties' briefing and supporting declarations. For the reasons stated below, the court GRANTS the motion in part and DENIES it in part.

## II.   BACKGROUND

On March 13, 2006, the court entered findings of fact and conclusions of law after a bench trial in February 2006. The court ruled against Plaintiff Liberty International Underwriters ("Liberty") on all claims, and ruled in favor of Mr. Carlson on all of his counterclaims. There is no dispute that Mr. Carlson was the prevailing party, and that he

ORDER – 1

is entitled to costs and reasonable attorneys' fees under Washington law.[1] The only dispute is over the amount of costs and attorneys' fees.

Mr. Carlson's counsel has provided time entries demonstrating the amount of time he and his law firm spent on this litigation since its inception, and has provided a declaration regarding the reasonableness of his hourly billing rate. Counsel also provides an itemized list of costs billed to Mr. Carlson. Liberty has provided no evidence in support of its opposition to the instant motion.

### III.   DISCUSSION

**A.   Attorneys' Fees**

The court must determine a reasonable attorneys' fee award using the "lodestar" method. Bowers v. Transamerica Title Ins. Co., 675 P.2d 193, 202 (Wash. 1987). The court must multiply the number of hours counsel reasonably expended in pursuing their claims by a reasonable hourly rate. Id. at 201-202. The result of this calculation is the "lodestar," which the court can in some cases adjust upward or downward to account for the contingent nature of the attorneys' work or the quality of the attorneys' work. Id. at 205. The party seeking fees bears the burden of proving the reasonableness of its fee request. Mahler v. Szucs, 957 P.2d 632, 650 (Wash. 1998). The court has broad discretion in determining attorneys' fees, subject to review only for "manifest abuse." Boeing Co. v. Sierracin Corp., 738 P.2d 665, 682 (Wash. 1987). Mr. Carlson seeks approximately $138,000 in attorneys' fees.

---

[1] Where state law governs an action, it also governs a party's request for attorneys' fees. Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1024 (9th Cir. 2003). The court applied Washington law to Mr. Carlson's claims, and applies it to the instant fee request. In any event, no party has indicated a conflict between Washington law regarding fees and any other potentially applicable body of law.

ORDER – 2

The court turns first to the reasonableness of the hourly rate that counsel seeks to recover. Those rates range from $225 for Mr. Carlson's lead counsel to $75 for paralegals. The court finds these figures to be well within the range of reasonable rates in the Seattle legal market. The court notes, moreover, that Liberty declined to submit any evidence regarding appropriate rates.

The court next turns to the number of hours Mr. Carlson's counsel reasonably expended. Lead counsel expended 536.5 hours litigating this case over two years. He has provided day-by-day descriptions of the work he performed. The court finds nothing unreasonable in its review of those descriptions. Liberty, moreover, has offered nothing more than an unsupported assertion that the "overall quantum of time" that lead counsel expended was unreasonable, and that he should only have spent 300 hours litigating the case. The court finds no evidence supporting this assertion.

The court finds it reasonable that lead counsel's law partner spent 45.7 hours assisting lead counsel. Liberty asserts that he expended this time serving as a "sounding board and proof reader." The court finds it wholly reasonable that lead counsel invested a modest amount of time in obtaining the professional viewpoint of another attorney.

The only other attorney who worked on Mr. Carlson's behalf spent 14.4 hours researching issues related to attorneys' fees and costs. Liberty claims, again without support, that this time is "not compensable as a matter of law." The law is to the contrary. See Kinney v. Int'l Bhd. of Elec. Workers, 939 F.2d 690, 694-95 (9th Cir. 1991) (holding that attorneys' fees incurred in pursuing attorneys' fees are recoverable); see also Bowers v. Transamerica Title Ins. Co., 675 P.2d 193, 202 (Wash. 1983) (noting that Washington courts look to federal precedent on attorneys' fees).

Although the court finds that Mr. Carlson's request for fees relating to attorney time is reasonable, the court must reduce his request for fees relating to paralegal time. A

ORDER – 3

request for paralegal time must meet the criteria in <u>Absher Const. Co. v. Kent Sch. Dist. No. 415</u>, 917 P.2d 1086, 1088 (Wash. Ct. App. 1995). Among other things, a party seeking to recover fees for paralegal time must demonstrate that the paralegal's work was legal in nature, not clerical. <u>Id.</u> The court's review of time entries for paralegals who assisted Mr. Carlson suggests that much of their time was spent performing clerical, rather than legal tasks. Entries such as "work on trial exhibits," "prepare binders," and "trial preparation" give the court no basis to determine that Mr. Carlson has met his burden under <u>Absher</u>. The court thus awards Mr. Carlson fees for only 20 of the 68.5 hours he requested for paralegal time.

Mr. Carlson shall recover $119,212.50 (536.5 hours x $225 per hour) for lead counsel's time, $10,282.50 (45.7 hours x $225 per hour) for his partner's time, $1,840 (14.4 hours x $125 per hour) for time spent preparing this motion, and $1,500 (20 hours x $75 per hour) for paralegal time. The total award for rate-based legal services is $132,835.00.

**B.      "Costs"**

Mr. Carlson seeks to recover a number of items as "costs." These include charges from expert witness and others who assisted Mr. Carlson in proving his claims.[2] They also include charges for photocopies and similar expenses. In most cases, the court would evaluate this request under standards applicable to cost recovery in federal court. Where state law supplies the basis of a federal court's decision, however, and state law makes costs a substantive element of damages, the court must consider the cost request

---

[2] Mr. Carlson's costs request includes fees paid for the services of Thomas Laing and Robert Bowden. The court notes that it already awarded some of their costs as damages. The court cannot determine if the instant request is partially duplicative of the damage award. Because Liberty has not raised the issue, however, the court deems it waived.

ORDER – 4

under state law. See Clausen v. M/V New Carissa, 339 F.3d 1049, 1064-65 (9th Cir. 2003).

The court decided this action under Washington law. Under Washington law, when a party seeks to recover under an insurance policy, the party has a substantive entitlement to attorneys' fees. Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co., 26 P.3d 910, 917 (Wash. 2001) (citing Olympic S.S. Co. v. Centennial Ins. Co., 811 P.2d 673 (Wash. 1991). That entitlement encompasses more "than merely the hours billed by an attorney," it also includes "*all* of the expenses necessary to establish coverage . . . ." Id. The court must make the insured whole. Id.

Mr. Carlson has provided uncontradicted evidence establishing that he incurred costs of $18,760.61[3] for items other than attorney or paralegal time. Under Washington law, he is entitled to recover that amount as part of his recovery for attorneys' fees.

## IV.   CONCLUSION

For the reasons stated above, the court GRANTS in part and DENIES in part Mr. Carlson's motion for attorneys' fees (Dkt. # 77). The court awards attorneys' fees and costs of $151,590.61. The clerk shall enter judgment for Mr. Carlson in accordance with this order and with the court's findings of fact and conclusions of law.

The judgment shall award $153,122.86 in damages and $151,590.61 in attorneys' fees and costs. Mr. Carlson shall accrue postjudgment interest from the entry of judgment at a rate of 4.94% pursuant to 28 U.S.C. § 1961, with the exception of $86,560 of the judgment, on which he shall accrue interest from January 1, 2006 at a rate of 7.95%.[4]

---

[3] The costs figure reflects undisputed deductions of $1050 and $86.61 from Mr. Carlson's initial costs request.

[4] Although the court invited Mr. Carlson to submit a proposed judgment or motion for entry of judgment, he declined to do so. He has thus waived any argument for additional

ORDER – 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

prejudgment interest.

ORDER – 6

1    DATED this 3rd day of May, 2006.

_____
JAMES L. ROBART
United States District Judge

ORDER – 7